## Rollyson et ux. v. Lawless et ux.

Oct. 1, 1943.

Victor A. Jordan, C. R. Luker and J. Milton Luker for appellants.

J. D. Tuggle for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

The appellants, J. L. Rollyson and wife, own a long, narrow strip of land of 5 acres fronting on U. S. highway 25-E in Knox County which lies adjacent and to the south of a similar strip of 3 acres owned by the appellees, Fred Lawless and wife. Appellants also own another tract of 11 acres fronting on the same highway which adjoins on the south their 5 acre tract. The title to all three

tracts traces back to the common source of John Gambrel, who first conveyed the 11 acres in 1928, and the other two tracts were conveyed by Gambrel a year or so later. Not long after he conveyed the 5 acres to Rollyson and wife on December 27, 1929, Gambrel constructed a fence between his remaining land and this 5 acres which extended from a point on the highway in a westerly direction to an agreed corner with a hickory marker.

It is admitted by all parties that this fence was not built on the line separating the two properties but crossed the line at an angle leaving a small wedge-shaped strip varying in width from 1 to 9.5 feet extending from about the center of the dividing fence to the highway, which strip is claimed by the appellants. There is a similar strip on the back end varying from 1 to 6 feet in width which must be admitted belongs to appellees if the front strip is on appellants' side of the fence. It does not appear from the record that this small strip of land in controversy is of any material value, yet it is the sole cause of this litigation which has resulted in a considerable record being filed in this court.

This action was brought by appellants, Rollyson and wife, against appellees, Lawless and wife, to quiet title to the 5 acre tract described in the petition by courses and distances. Appellees' answer denied they were claiming any of the land described in the petition, and their counterclaim averred they owned all the land described by courses and distances in their pleading and asked that their title thereto be quieted against the claim asserted by appellants.

After proof was taken by depositions, the cause was submitted to the chancellor who entered judgment establishing the line contended by appellees as being the true dividing line, and this appeal followed.

The sole question in the case is one of fact as to the point where the 5 acre and 11 acre tracts corner on the west side of the highway, from which corner at a distance of 13 poles and 7 links, or 219 feet, run N. 45 W. is located the point at which the 5 and 3 acre tracts corner on the west side of the highway.

It would serve no useful purpose to the profession for us to analyze more than 200 pages of conflicting evidence in support of our conclusion that the chancellor correctly established the corner on the west edge of the

highway between the 5 and 11 acre tracts as surveyed by J. M. Culton, which in turn led the chancellor to adopt the corner between the 5 and 3 acre tracts as established by Culton and to adopt Culton's survey of the line from this latter point to the agreed hickory corner as the true line between the parties to this litigation, and we decline to do so. It will suffice to say that the proof, although conflicting, abundantly supports the chancellor and does not even leave our minds in doubt. This court never disturbs the finding of fact by the chancellor unless we entertain from the proof more than a doubt as to its correctness. Whitt v. Kentland Coal & Coke Co., 294 Ky. 727, 171 S. W. (2d) 581.

The judgment is affirmed.